In the Matter of the Application of the SOUTHERN BOULEVARD RAILROAD COMPANY to Acquire the Right to Construct, etc.

Upon an appeal from an order of Special Term confirming an award of commissioners appointed to appraise lands taken by a railroad company, the General Term reversed the order of Special Term and ordered a new appraisal before the same commissioners. *Held*, that the order being one in a special proceeding and not final, was not appealable to this court. (Code Civ. Pro. § 190, subd. 3.)

It appeared that the land taken was part of a highway known as the "southern boulevard," laid out under the act of 1867 (Chap. 290, Laws of 1867), which provides (§ 24) that no rails shall be laid in said boulevard except for the purpose of crossing it, and that if the legislature thereafter authorize the building of a railroad along it, nothing in said act shall be construed to affect or cut off the rights of the owners of the lands taken for the boulevard from claiming and receiving the full value of the lands taken for the road, to the same extent as if no boulevard had been laid out. The petitioner claimed that the provision as to damages was repealed by the amendment of said act in 1887 (Chap. 723, Laws of 1887). A merely nominal award was rendered to the land owners by the commissioners appointed to appraise damages; the General Term reversed the order confirming said award upon the ground that the legislature could not take away the rights reserved to the property owners under the act of 1867, without compensation. *Held*, that the order appealed from did not come within the provision of the Code

of Civil Procedure (§ 190, subd. 2), making, in certain contingencies, an order adjudging a statutory provision of the state unconstitutional, appealable to this court; that said provision relates only to orders in an action affecting a substantial right, and not resting in discretion.

The provision of the Code of Civil Procedure (§ 1361), which declares that appeals from determinations in special proceedings are governed by the provisions of said Code, and the general rules of practice relating to "an appeal in an action, except as otherwise specially prescribed by law," applies to appeals to the General Term of the Supreme, or of a superior city court, not to appeals to this court.

Where the General Term has power to hear and decide an appeal from an order, the order it makes is within its jurisdiction, even though an erroneous reason be given for its exercise.

(Argued June 4, 1891; decided June 16, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 26, 1891, which reversed an order of Special Term confirming the report of commissioners appointed to appraise damages, vacated the same and directed a new appraisal.

The facts, so far as material, are stated in the opinion.

*John N. Lewis* for appellant. This appeal is expressly authorized by the Code. (Code Civ. Pro. §§ 190, 1361; *Goodell* v. *Jackson*, 20 Johns. 693–721; *Betsinger* v. *Chapman*, 88 N. Y. 487–495; *People* v. *Bell*, 4 N. Y. Supp. 869, 870; *State* v. *Stockley*, 45 Ohio St. 304–308; *In re P. P. & C. I. R. R. Co.*, 85 N. Y. 497, 498; *In re N. Y., W. S. & B. R. R. Co.*, 94 id. 287–291.) An appeal from this order to this court will lie for the reason that the General Term reversed the order confirming the report and appraisement, upon a ground which they were without power to consider. (*In re U. L. R. R. Co.*, 112 N. Y. 61; *H. R. T. Co.* v. *W. T. & R. Co.*, 121 id. 897; *Ziegler* v. *Chapin*, 43 Alb. L. J. 398.) The statute of 1887 (Chap. 723) is a constitutional and valid exercise of legislative power. (*Louisiana* v. *Mayor, etc.*, 109 U. S. 285; *Chase* v. *Curtis*, 113 id. 452; *Dartmouth College* v. *Woodward*, 4 Wheat. 518; *Fletcher* v. *Peck*, 6 Cranch. 87; *Garrison* v. *City of New York*, 21 Wall. 196. It

cannot be held that by virtue of the consummation of proceedings for condemnation and the opening of the boulevard, under the original statute, vested or contracted rights, of the nature contended for, were acquired. (Chitty on Cont. 87 ; *Freeland* v. *Williams*, 131 U. S. 405 ; *Nelson* v. *Parish*, 111 id. 716 ; *People* v. *French*, 1 Abb. [N. C.] 419 ; Cooley on Const. Lim. 358.) The opinion of the General Term is not based upon sound principles. (Redf. on Railways [5th ed.], § 17 ; Wood on Railways, § 5 ; Beach on Railways, § 23 ; *Spofford* v. *S. B. R. R. Co.*, 4 N. Y. Supp. 388.) The contract which the General Term evolves from the act of 1867, is one which the legislature has no power to make. (Const. N. Y. art. 1, § 7.) The right of eminent domain is an inherent attribute of sovereignty. Constitutional provisions do not confer the right, although they generally surround its exercise with safeguards to prevent abuse. (Cooley on Const. Lim. 356, 357, 386 ; *Kohl* v. *United States*, 91 U. S. 367, 371 ; *Searl* v. *School District*, 133 id. 553 ; *People* v. *Kerr*, 27 N. Y. 211.) If it be held that the provisions of the statute of 1867, are, in any sense, a contract which the legislature had power to make, then we respectfully submit that it is a limited and conditional contract, dependent upon a contingency which has never arisen ; and which, by reason of the amendment to the Constitution in 1875, can never arise. (Const. N. Y. art. 3, § 18 ; *Tucker* v. *Ferguson*, 32 Wall. 527 ; *H. B. M. & F. R. Co.* v. *S. B., etc., Co.*, 41 Hun, 553.)

*Wm. Pierrepont Williams* for respondents. The order appealed from is not reviewable by the Court of Appeals. (Laws of 1884, chap. 252, § 1 ; Laws of 1850, chap. 140, § 18 ; Laws of 1876, chap. 198 ; *In re D. & H. C. Co.*, 69 N. Y. 209 ; *N. Y. C. R. R. Co.* v. *Marvin*, 11 id. 276 ; *In re N. Y., W. S. & B. R. R. Co.*, 94 id. 287 ; *Crosby* v. *Stephen*, 97 id. 606 ; Code Civ. Pro. § 1300 ; *Bergen* v. *Carman*, 79 N. Y. 151.) It was competent for the legislature by the act of 1867, under which the southern boulevard was laid out, to prescribe a measure of damages (upon a future con-

demnation by a railway company) more favorable to the property owners than would have prevailed at common law. (*In re T. F. S. R. R. Co.*, 102 N. Y. 343; Lewis on Eminent Domain, § 373.) The act under which the southern boulevard was laid out, provided in substance that in the event of any rail or tramway being thereafter authorized upon it the owners of the roadbed should be compensated precisely as if the highway had not been imposed. (4 N. Y. Supp. 390.) When the condemnation under the act of 1867 had been effected, the provision for a special measure of compensation (upon a future condemnation by a railway company) became a contract between the state and the parties whose land was made servient to the highway. (*Lahr* v. *M. E. R. R. Co.*, 104 N. Y. 291; *Vandermulen* v. *Vandermulen*, 108 id. 201; *Story* v. *N. Y. E. R. R. Co.*, 90 id. 172.) The amendment to chapter 290 of the Laws of 1867 was unconstitutional and a nullity so far as it purported to change the measure of compensation established by that act, and in departing from that measure the commissioners committed an error that was fatal to their report. (Const. U. S. art. 1, § 10; Const. N. Y. art. 1, § 6; *Stephens* v. *Marshall*, 3 Chand. 229; *B. C. R. R. Co.* v. *B. C. R. R. Co.*, 32 Barb. 364.) If appellant could now raise the question that the award of costs was improper, the point should be decided against it. (Code Civ. Pro. § 3240; *In re N. Y., W. S. & B. R. R. Co.*, 94 N. Y. 294.)

PECKHAM, J. The railroad company desire to acquire the right to build a street surface railroad in and upon the Southern boulevard in the city of New York. This boulevard was laid out and opened through the land of private owners under and by virtue of an act of the legislature passed in 1867 (Chap. 290).

Section 24 of that act prohibited the laying of any rails in the boulevard except for the purpose of crossing it, and provided that if the legislature should thereafter authorize the building of a railroad along the boulevard nothing in the act of 1867 should be construed to affect or cut off the rights of the owners of the lands taken for the boulevard from claiming

and receiving the full value of all the land taken from the
owners for the road thus to be authorized, to the same extent
as if no boulevard had ever been laid out there.

In 1884 (Chap. 252), the legislature passed the General
Street Surface Railroad Act and under it the Southern Boule-
vard Railroad Company has been organized. In 1887 (Chap.
723, Laws of 1887), the legislature amended the twenty-fourth
section of the act of 1867, under which amendment the above-
named railroad company claims the right to build its road in
the Southern boulevard. It applied by petition to the Supreme
Court for the appointment of commissioners to appraise the
value of the lands taken by the company. Among the owners
of lands in the boulevard, which had been taken under the act
of 1867 for the purposes of that boulevard only, were the
executors of Mr. Spoffard, officially and individually. The
commissioners were appointed to take evidence as to the value
of the land of the executors, etc., and gave a merely nominal
award, apparently, as is said by the learned judge who delivered
the opinion at the General Term, basing their award upon the
provisions of section 24, as amended in 1887, and thus enabling
the railroad company to acquire its interest in such lands for
nothing. The award was confirmed at Special Term, but upon
appeal to the General Term that court reversed the order con-
firming the award and ordered a new appraisal before the same
commissioners, basing its order upon the ground that the legis-
lature could not take away the rights of the property owners left
in them under the act of 1867 without compensation. Instead
of going back before the commissioners and taking the new
hearing, as provided for by the order of the General Term,
the counsel for the railroad company has appealed here and
claims the right to be now heard upon the merits of his appeal.

The order is clearly not appealable.

This is a special proceeding, and the only authority for an
appeal to this court is to be found in subdivision 3 of section
190 of the Code. By that subdivision the order must be a
final one before an appeal can be taken from it to this court.
There can be no question that the order appealed from herein

is not of that description. It simply reverses the former and orders a new appraisal.

The orders mentioned in subdivision 2 of section 190 are orders made in an action and affecting a substantial right, and not resting in discretion. Under clause 6 of that subdivision, if the order adjudges a statutory provision of the state unconstitutional, an appeal may in certain contingencies be taken from the order to this court. This order is not included in that subdivision. Section 1361 of the Code of Civil Procedure, cited by counsel, applies to appeals to the General Term of the Supreme Court or to a Superior City Court, and has no application to appeals to this court.

By section 11 of the old Code (subd. 4), whenever a decision of any motion at Special Term was placed upon the ground of the unconstitutionality of any law of this state, an appeal could be taken from the order to the General Term and to the Court of Appeals. If it be assumed that under such subdivision in the old Code an appeal would lie to this court if the order were not final, provided it held a state law unconstitutional, the adoption of the new Code has altered that provision, and the order in a special proceeding, to be now appealable to this court, must be a final one.

This question has already been decided in *Matter of Petition, etc.* (98 N. Y. 12).

The order is not rendered appealable because, as claimed by the counsel for the railroad company, the General Term reversed the report and appraisement of the commissioners upon a ground which they were without power to consider. We see no reason for saying that the General Term had no power to consider the question whether the commissioners had not proceeded upon a wholly erroneous theory as to the law governing their appraisal in the case, and if the commissioners thought the act of 1887 permitted them to award nothing for the lands taken and they decided accordingly, we are not aware of any estoppel upon the land owners or the court which, upon appeal from the order confirming the report, would prevent the one from raising and the other from deciding the question

as to the validity of an act which provided for such an appraisal. And again : The court had power to hear and decide an appeal from the order confirming the report, and having such power, the order which it makes is within its jurisdiction even though an erroneous reason be given for its exercise. When the order which it, in fact makes is not a final one, we cannot review such order where the court exercises the jurisdiction granted to it by the Code.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed. _____